## Thomas Ballance, Appellee, v. Woodmen's Casualty Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded. Opinion filed October 9, 1913.

### Statement of the Case.

Action by Thomas Ballance against the Woodmen's Casualty Company, a corporation, to recover on an accident insurance policy for accidental injuries sustained. From a judgment for plaintiff, defendant appeals.

ALONZO HOFF and KRAMER, KRAMER & CAMPBELL, for appellant.

C. B. THOMAS, D. A. NEWBY and T. T. HINDE, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. INSTRUCTIONS, § 129*—*requisites on directing verdict on proof of facts.* An instruction in effect directing a verdict for the plaintiff if the facts referred to in the instruction are found in favor of the plaintiff should contain all the facts which would authorize a verdict.

2. INSTRUCTIONS, § 24*—*when improper to refer to declaration.* The practice of giving an instruction informing the jury that they may refer to the declaration to determine the issues to be tried, while not alone a reversible error is not commendable.

3. INSTRUCTIONS, § 24*—*when instruction referring to insufficient declaration is improper.* In an action on an accident insurance policy, an instruction in effect directing a verdict for plaintiff if facts referred to are found in favor of plaintiff and

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

permitting the jury to refer to the declaration to determine the issues is improper, where the declaration did not allege that plaintiff suffered a disability "caused solely and exclusively by external, violent, accidental and involuntary means," such facts being raised by a special plea, and the instruction cannot be cured by other instructions.

4. INSURANCE, § 609*—*who must prove cause of injury.* The plaintiff in an action on an accident insurance policy has the burden to prove a provision relating to disability "caused solely and exclusively by external, violent, accidental and involuntary means" whether such facts are put in issue by a special plea or not.